## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **MBMK PROPERTY HOLDINGS, LLC** | **BANKRUPTCY NO. 22-13121-MDC** |
| **Debtor.** | |

## MOTION OF DEBTOR PURSUANT TO PARAGRAPH 11 OF ORDER OF AUGUST 16, 2023 [DOC 145] FOR TRANSFER OF NET SALE PROCEEDS OF SALE OF DEBTOR PROPERTIES TO INTEREST-EARNING ESCROW ACCOUNT

The debtor-in-possession in the above-captioned case, MBMK Property Holdings, LLC, ("Debtor"), by and through its undersigned counsel, files the instant Motion for entry of an order authorizing transfer of the Net Sale Proceeds of the Debtor Properties to an interest-earning escrow account; and in support thereof alleges as follows:

1.      On August 16, 2023, this Court entered an Order Granting Motion of Debtor for Sale of Real Property…[etc.] [Bankruptcy Doc #145] (herein, "Sale Order"), approving and authorizing the sale of thirteen parcels of real property of the Debtor and related property (defined in the Sale Order and referred to therein and herein as the "Property") pursuant to an Agreement of Sale with Moses Charles dated June 26, 2023 (the "Agreement").

2.      Settlement ("Settlement") on the sale of the Property, pursuant to the Sale Order and Agreement, occurred on August 31, 2023, yielding $1,705,866.17 in net sale proceeds payable to the Debtor (the "Net Sale Proceeds").

3.      Pursuant to paragraph 11 of the Sale Order, the Net Sale Proceeds remained with the title company, Horizon Abstract ("Horizon"), and held subject to all liens, claims and interests of Wilmington Trust, and other creditors and parties in interest, to the same extent and with the same validity and priority as claimed against the Property prior to sale, until further

Order of this Court, and subject to any objections or other relief to be sought hereafter by the

Debtor, a successor trustee or other party in interest in this Bankruptcy Case, pending further

Order of the Court.  Attached hereto as Exhibit "A" is the Escrow Receipt for Seller Proceeds

confirming the deposit of the Net Sale Proceeds by Horizon.

4.    Debtor was advised this week that Horizon received $22,619.99 in refunds of real

estate taxes paid at Settlement on the Debtor Properties, bringing the total amount held by

Horizon to $1,727,486.70.

5.    Paragraph 11 of the Sale Order provided, further, as follows:

> It is contemplated that the Debtor, Wilmington Trust and the
> Subchapter 5 Trustee may agree to an alternative disposition of the
> Net Sale Proceeds pending resolution of any disputed liens, claims
> and interests therein. Any such agreement shall be presented to this
> Court for approval, on notice to the Office of the United States
> Trustee and any other parties claiming a lien or security interest in
> same.  If no such agreement is presented to this Court within thirty
> (30) days, any party in interest may file a motion to have this Court
> Order such further disposition.

6.    The latter provision was requested by the Debtor for two reasons: (i) because

Horizon had acceded to holding the funds to comply with the Sale Order, but requested it be on a

temporary basis; and (ii) Horizon could not agree to pay interest or invest the funds in an

income-generating account for the benefit of the Debtor's Estate.

7.    The Debtor consulted with the Subchapter V Trustee and counsel for Wilmington

Trust, but was unable to secure the agreement for transfer of the funds as contemplated by

paragraph 11 of the Sale Order.

8.      Debtor had proposed transfer to a money market account at a reputable financial institution, to be held in the name of Debtor's counsel or another acceptable escrow agent[1] and remain there pending further Order of the Court.

9.      Debtor's proposal is in compliance with Local Rule 2014-2, which prohibits an attorney employed under § 327 of the Bankruptcy Code from establishing or exercising any signatory or other authority to control or disburse funds or other property of the estate, except when the attorney is serving as the trustee in the matter, or serving as an escrow agent.

10.      As of October 11, 2023, Debtor had identified and proposed a specific account at PNC Bank, N.A. ("PNC"), described more specifically below, that would earn 4.49% APR on the Net Sale Proceeds; but was open to identifying other financial institutions and income-generating accounts.

11.      Wilmington Trust was agreeable to transfer of the funds to another escrow agent, but without any stipulation concerning the type of account and what, if any, interest or other income would be earned.

12.      The Debtor believes that it is in the best interests of the Debtor's Estate, including Wilmington Trust, that the Net Sale Proceeds be deposited in a secure, income-generating account, pending distribution of the funds upon resolution of the Objection to Wilmington Trust's Secured claim and the related claims in the pending Adversary Proceeding No. 23-00062-mdc.

---

[1] Debtor is proposing its counsel, Robert B. Eyre, Esquire serve as the Escrow Agent, but has offered to entertain other suggestions for proposed Escrow Agents – including counsel for Wilmington Trust, if that will facilitate the investment of the funds.  The use of Debtor's counsel as Escrow Agent is within the "escrow agent" exception to Local Rule 2014-2 (prohibiting an attorney employed under § 327 of the Bankruptcy Code from exercising authority over funds or other property of the estate, except when the attorney is serving as the trustee in the matter, or serving as an escrow agent). The choice of the Escrow Agent ought not be an issue as the proposed Order assures the funds remain on deposit in the prescribed account and allows the Escrow Agent no discretion to do anything with the funds without further Order of the Court.

13.    The delay in transferring the Net Sale Proceeds is needlessly causing the loss of $6,382.78 a month (using the 4.49% rate on the PNC account proposed by Debtor).

14.    Debtor is accordingly requesting this Court order the immediate transfer of the Net Sale Proceeds in accordance with the attached form of Order, providing, *inter alia*, for the appointment of Robert B. Eyre, Esquire (or other individual(s) acceptable to the Court), to be appointed as Escrow Agent and directed to open and transfer the funds to an account (the "Escrow Account") at PNC, in substantial compliance with the following, and such other incidental and customary terms as may be required by PNC and Escrow Agent, and not inconsistent with the terms of the Order:

    a.    The Account shall be a Private Bank Money Market Account at PNC Bank, N.A. ("PNC"), 1600 Market Street, Philadelphia PA, 19103.

    b.    The Account shall provide for an annual percentage yield of 4.49% for the first six months, FDIC insured in the amount of $250,000.

    c.    The Account shall be in the name of First American as Escrow Agent for the Bankruptcy Estate of MBMK Property Holdings, LLC.

    d.    Any account agreements ("Account Agreements") between Escrow Agent and PNC shall reference the terms of this Order.

15.    PNC will not generate account agreements until the account is opened, so the Order provides a mechanism for review and approval of the final PNC account agreements with the Subchapter V Trustee, counsel for Wilmington Trust and the Office of the United States Trustee, prior to the transfer of the funds by Horizon to the Escrow Account.

16.    PNC's legal department is currently reviewing the proposed form of Order and Debtor accordingly requests it be permitted to amend this Motion and the proposed Order to

accommodate reasonable requests of PNC and/or to substitute another financial institution if deemed appropriate.

WHEREFORE, Debtor prays that this Court enter an Order in the form submitted with this Motion authorizing the transfer of the Net Sale Proceeds currently held by Horizon to the Escrow Account, under and subject to the terms of the Order, and/or granting such other relief as this Court deemed equitable and just.

Respectfully Submitted,

**FOEHL & EYRE, P.C.**

Dated: November 22, 2023          BY:  _____

Robert B. Eyre, Esquire
ATTORNEY I.D. #41990
432 North Easton Rd.
Glenside, PA 19038
Phone: 610-566-5926
Email: rob@foehllaw.com
Attorneys for Debtor