IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MBMK PROPERTY HOLDINGS, LLC | BANKRUPTCY NO. 22-13121-MDC |
| Debtor. | |

**ORDER GRANTING MOTION OF DEBTOR PURSUANT TO PARAGRAPH 11 OF ORDER OF AUGUST 16, 2023 [DOC __] FOR TRANSFER OF NET SALE PROCEEDS TO INTEREST-EARNING ESCROW ACCOUNT**

AND NOW, upon consideration of the *Motion of Debtor Pursuant to Paragraph 11 of Order of August 16, 2023 for Transfer of Net Sale Proceeds to Interest-Earning Escrow Account* [Bankruptcy Docket No. 118] (the "Escrow Motion");

WHEREAS, on August 16, 2023, this Court entered an Order Granting Motion of Debtor for Sale of Real Property…[etc.] [Bankruptcy Doc #145] (herein, "Sale Order"), approving and authorizing the sale of thirteen parcels of real property of the Debtor and related property (defined in the Sale Order and referred to therein and herein as the "Property") pursuant to an Agreement of Sale with Moses Charles dated June 26, 2023 (the "Agreement"), free and clear of liens, claims and interests as set forth in the Sale Order; and

WHEREAS, settlement ("Settlement") on the sale of the Property pursuant Sale Order and Agreement occurred on August 31, 2023; and

WHEREAS, pursuant to paragraph 11 of the Sale Order, all net sale proceeds payable to the Debtor at Settlement (the "Net Sale Proceeds"), were to be held by the title company, Horizon Abstract ("Horizon"), subject to all liens, claims and interests of Wilmington Trust, and other creditors and parties in interest, to the same extent and with the same validity and priority

1

as claimed against the Property prior to sale, until further Order of this Court, and subject to any objections or other relief to be sought hereafter by the Debtor, a successor trustee or other party in interest in this Bankruptcy Case; and

WHEREAS, in accordance with paragraph 11 of the Sale Order, the total sum of $1,705,866.17 in Net Sale Proceeds were held and continue to be held by Horizon under and subject to the terms of the Sale Order; and

WHEREAS, the Court is advised that Horizon has received and additional $22,619.99 in refunds of real estate taxes paid at Settlement on the Debtor Properties, bringing the total amount held by Horizon to $1,727,486.70; and

WHEREAS, paragraph 11 of the Sale Order contemplated that the Debtor, Wilmington Trust and the Subchapter 5 Trustee might agree to an alternative disposition of the Net Sale Proceeds pending resolution of any disputed liens, claims and interests therein; and

WHEREAS, the Debtor, Wilmington Trust and the Subchapter 5 Trustee have not agreed to such an alternative disposition, and the Debtor has filed the Motion to authorize and direct the transfer of funds to an income-earning Escrow Account; and

WHEREAS, after notice and a hearing, good and sufficient cause having been demonstrated for the relief sought herein:

IT IS this _____ day of November, 2023 (the "Order Date"), HEREBY ORDERED AND DECREED, as follows:

1.  The Debtor's Escrow Motion is hereby GRANTED.

2.     Robert B. Eyre, Esquire is hereby appointed "Escrow Agent", and directed to proceed with the establishment of an account (herein, the "Escrow Account") at PNC Bank, N.A., in substantial compliance with the following, and such other incidental and customary terms as may be required by PNC and Escrow Agent, and not inconsistent with the terms of this Order:

   a. The Account shall be a Private Bank Money Market Account at PNC Bank, N.A. ("PNC"), 1600 Market Street, Philadelphia PA, 19103.

   b. The Account shall provide for an annual percentage yield of 4.49% for the first six months, FDIC insured in the amount of $250,000.

   c. The Account shall be in the name of Robert B. Eyre, Esquire, as Escrow Agent for the Bankruptcy Estate of MBMK Property Holdings, LLC.

   d. Any account agreements ("Account Agreements") between Escrow Agent and PNC shall reference the terms of this Order.

3.     The Escrow Agent will consult with the Debtor, Wilmington Trust, the Subchapter 5 Trustee and the United States Trustee (such parties, together with the Debtor, being referred to herein as the "Notice Parties") to secure their final approval of the Escrow Account and Account Agreements. That approval shall be in the form of a supplemental stipulation of the Notice Parties (the "Supplemental Escrow Stipulation"). Nothing herein shall require the Escrow Agent or PNC to agree to any terms they deem, in their sole discretion, to be unacceptable.

4.     If no Supplemental Escrow Stipulation is filed within ten (10) days of the Order Date, the Debtor may request an expedited hearing (the "Final Escrow Hearing") before this Court to resolve any objections to the Escrow Account and Account Agreements; provided,

3

however, that any such objections shall be presented at or before the Final Escrow Hearing and shall be limited to objections that the Escrow Account and Account Agreements either (i) do not substantially comply with the requirements of paragraph 2 of this Order; or (ii) subject the interests represented by the objecting party to material and unreasonable risk.

5. Upon the earlier of (i) the filing of a Supplemental Escrow Stipulation approving an Escrow Account and Account Agreements in accordance with paragraph 3 of this Order; or (ii) the issuance of a further Order of this Court approving the Escrow Account and Account Agreements pursuant to paragraph 3 of this Order, and provided further that any changes resulting from such proceedings are acceptable to the Escrow Agent and PNC; Escrow Agent shall promptly provide Horizon with instructions for the transfer of the entire Net Sale Proceeds to the Escrow Account; and Horizon shall promptly comply with such instructions.

6. The Escrow Agent shall provide the Notice Parties with written notice of the receipt and deposit of the Net Sale Proceeds in the Escrow Account, and shall provide monthly statements from PNC showing all deposits, withdraws, earnings and balances, with the monthly operating reports filed with the United States Trustee.

7. The Net Sale Proceeds, together with all interest earned on the same in the Escrow Account, shall remain held in the Escrow Account, and shall not be transferred to any other account, disbursed, used or invested in any other way, or subject to any charge or encumbrance not authorized by the Account Agreements, without further Order of this Court expressly authorizing same.

8. Consistent with paragraph 11 of the Sale Order, all funds in the Escrow Account, including the Net Sale Proceeds and all interest and other sums added to same, shall be deemed subject to all liens, claims and interests of Wilmington Trust, and other creditors and parties in

4

interest in the above-captioned Bankruptcy Case, to the same extent and with the same validity and priority as claimed against the Property prior to sale, until further Order of this Court, and subject to any objections or other relief to be sought hereafter by the Debtor, a successor trustee or other party in interest in the Bankruptcy Case.

**IT IS SO ORDERED.**

BY THE COURT:

_____

HONORABLE MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE